IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-802-FL

| | | |
|---|---|---|
| RODOLFO DIAZ MARQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 16, 18).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed an objection to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court rejects the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on April 1, 2011, alleging disability beginning December 29, 2009. The applications were denied initially and upon reconsideration. A hearing was held on June 14, 2012, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

in a decision dated July 9, 2012. The appeals council denied plaintiff's request for review on October 16, 2012, and plaintiff filed the instant action on December 14, 2012.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

2

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was no longer engaged in substantial gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: fractures of lower extremities. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, with frequent operation of foot controls bilaterally, occasional climbing of ramps or stairs, and occasional climbing of ladders, ropes, and scaffolds. In making this assessment, the ALJ found plaintiff's statements about his limitations not fully credible. At step four, the ALJ concluded plaintiff was capable of performing his past relevant work.

B.  Analysis

Plaintiff argues that the ALJ erred in concluding that plaintiff was capable of performing his past relevant work. In particular, plaintiff argues that the ALJ failed to adequately discuss the actual physical and mental requirements of plaintiff's prior work beyond generic descriptions, in determining that plaintiff could return to his past work in a composite position as a cafeteria manager, cook, and church sexton. (Pl.'s Mem. at 9-12; Obj. at 4-6).

"[U]nder the fourth step of the disability inquiry, a claimant will be found 'not disabled' if he is capable of performing his past relevant work either as he performed it in the past or as it is generally required by employers in the national economy." Pass v. Chater, 65 F.3d 1200, 1207 (4th Cir. 1995). A claimant bears the burden of showing "an inability to return to [his] previous work (i.e., occupation), and not simply to [his] specific prior job." DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983). An ALJ "may rely on the general job categories of the Dictionary as presumptively applicable to a claimant's prior work." Id. "The same label, however, may be used in a variety of ways. . . ." Accordingly, a "claimant may overcome the presumption that the Secretary's generalization applies by demonstrating that [his] duties were not those envisaged by the framers of the Secretary's category." Id.

In Deloatche, the court held that plaintiff may have met this burden to overcome this presumption, where he presented evidence that the job he actually performed did not properly fall under the DOT title that the Commissioner had relied upon. The Commissioner had characterized plaintiff's former work as "school social worker," but the court noted that the "definition of 'school social worker' on which the Secretary relies makes no mention of the extensive walking, standing

4

and driving activities required of a person responsible, as DeLoatche was, for fifteen schools." Id. The court noted that "[o]n remand, the Secretary of course may consider additional evidence on the proper characterization of DeLoatche's relevant prior work; it may be possible that the Secretary can demonstrate that it is only DeLoatche's specific prior job, and not her occupation, which is not properly termed 'sedentary.'" Id. However, the court held that "on the present record such a determination cannot be upheld," and "[t]he record before us does not permit meaningful review of the Secretary's determination." Id. Accordingly, the court remanded the case for further consideration.

An ALJ has a duty to explain the administrative decision so as to enable meaningful judicial review. "While the Secretary is empowered . . . to resolve evidentiary conflicts, the Secretary, through the ALJ, is required to explicitly indicate 'the weight given to all relevant evidence.'" Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (quoting Gordon v. Schweiker, 725 F.2d 231 (4th Cir.1984)). In particular, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8P, 1996 WL 374184 *7 (July 2, 1996). "[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against [her] decision." Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing Murphy, 810 F.2d at 438).

This duty to explain is expressly noted in the Social Security procedures for evaluating a claimant's past work. In particular, SSR 82-62 provides that "the decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision." SSR

5

82-62, 1982 WL 31386, at *3 (January 1, 1982). Further, "[a]dequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations," which information "will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source." Id.

The ALJ made the following findings regarding plaintiff's ability to perform past relevant work:

> Through the date last insured, the claimant was capable of performing the following past relevant work as a cafeteria manager (DOT 187.167-106), which required light exertion, with an SVP-7; cook (DOT 313.374-010), which required medium exertion, with an SVP-5; and Sexton, cleaning the church (DOT 387.667.010), which required medium exertion, with an SVP-2. *All of these jobs were part of the claimant's duties as a church worker – a job performed greater than ten years.* This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> The vocational expert testified that based on the claimant's residual functional capacity, he could perform his past relevant work. After a careful review of the evidence of record, *the undersigned finds that the claimant was able to perform his past relevant work as actually and generally performed.* The vocational expert further testified that her testimony was consistent with the Dictionary of Occupational Titles.

(Tr. 29) (emphasis added).

In this case, it is not possible to determine if the ALJ's determination as emphasized above, regarding the type of jobs plaintiff held previously and plaintiff's ability to perform those jobs, is supported by substantial evidence, because the ALJ failed to discuss probative evidence weighing against her decision. In particular, the ALJ failed to discuss in any respect plaintiff's own written description of his job, which may tend to show that the job he actually performed did not properly fall under the DOT titles that the Commissioner had relied upon. Specifically, in his written work

6

description, plaintiff states that at the "Iglesia Fuente de Agua Viva" he was responsible for maintaining the cafeteria, cleaning the church, cooking, and other duties as assigned. (Tr. 217). He states that this job required him to climb and stoop "all the time," and that it required "[l]ifting and carrying cleaning equipment, supplies needed," and "moving office equipment." (Id.). Most notably, plaintiff states that the heaviest weight lifted was "100 lbs. or more" and that the weight frequently lifted was "50 lbs. or more." (Id.). In his testimony, plaintiff also stated that in his capacity as cook, cafeteria manager, and cleaner for the church, "if there was something that needed to be moved I moved it." (Tr. 43).

These work requirements as described by plaintiff directly conflict with the ALJ's RFC determination, which allowed only occasional climbing and medium work, defined as work involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). Without mentioning this conflict in the evidence, the ALJ determined that plaintiff had performed past relevant work as a cafeteria manager, cook, and church sexton, all jobs generally requiring no more than medium exertion. (Tr. 29). The ALJ stated that "[a]ll of these jobs were part of the claimant's duties as a church worker – a job performed greater than ten years." (Id.).

In making this determination, the ALJ relied upon testimony of a vocational expert (VE). The VE, however, made no mention of plaintiff's own written work description describing work duties that went beyond those described in the generic DOT descriptions. With respect to plaintiff's work at the church, the VE testified, instead, as follows:

> [Plaintiff has] worked at a church in several capacities so I'm going to break that up if that's all right with you. . . . He worked as a manager of a cafeteria. The DOT is 187.167-106. The exertional level was light with an SVP of 7. He also cooked in that position. The DOT code is 313.374-010. The exertional level was medium with an SVP of 5. He also worked as a sexton cleaning the church. The DOT code is 389.667-010. The exertional level is listed as medium although it might have

weighed a little at times depending on what he lifted with an SVP of 2.
(Tr. 51). In this manner, the ALJ, including through the testimony of the VE, bypassed the requirements as set forth by the Fourth Circuit in DeLoatche. Particularly, the ALJ accepted without discussion that plaintiff's prior work fit the label of the three jobs, cook, manager, and sexton, without considering (or explaining that she considered) plaintiff's own evidence "demonstrating that [his] duties were not those envisaged by the framers of the Secretary's category." DeLoatche, 715 F.2d at 151. Therefore, as in DeLoatche, "[t]he record before [the court] does not permit meaningful review of the Secretary's determination," and the matter must be remanded for further findings and explanation. Id.

On remand, "of course [the Commissioner] may consider additional evidence on the proper characterization of [plaintiff's] relevant prior work," and "it may be possible that the [Commissioner] can demonstrate that it is only [plaintiff's] specific prior job, and not [his] occupation, which is not properly termed" medium work. Id. For example, the Commissioner may explain that, despite plaintiff's written description of his job, it still involved no more than the composite occupation of cook, cafeteria manager, and sexton occupations. But, on the present record, absent any discussion of plaintiff's own description of his past relevant work, the court is unable to make this determination for the Commissioner.

Defendant argues that the conflict between the ALJ's RFC determination and plaintiff's written work history description is harmless. Defendant points out that substantial evidence in the record supports the ALJ's finding that plaintiff could return to his "*past occupation*," even though he may not be able to return to his past specific job as "*actually performed*." (Def's Mem. at 13) (emphasis added). But, this argument misses the point that the ALJ must discuss evidence in the record weighing against her decision. Although it may be possible that substantial evidence does

in fact support the conclusion that plaintiff's past occupation is properly described as that of cook, cafeteria manager, and sexton, despite plaintiff's own written work description, the ALJ does not undertake this explanation in her decision.

Defendant argues, for example "[i]n the present case, the work history report, [plaintiff's] testimony, and the VE testimony established that [plaintiff's] work for the church corresponded to the DOT occupations of cafeteria manager, cook, and sexton." (Def's Mem. at 14). This explanation, however, is defendant's own post-decision rationalization. As noted above, the ALJ and VE do not even mention plaintiff's work history report, much less discuss how its conflicting information supports the asserted correspondence with the DOT occupations of cafeteria manager, cook, and sexton.[2] Furthermore, defendant's proffered explanation does not address how plaintiff's prior work moving office equipment and lifting more than 100 pounds corresponds to the position of manager, cook, or sexton.

In sum, "[w]ithout an analysis of all evidence and a sufficient explanation of the weight given to 'obviously probative exhibits' it is not possible to determine if the ALJ's decision is supported by substantial evidence." Ivey, 393 F. Supp. 2d at 389-90 (citing Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir.1977)).

## CONCLUSION

Based on the foregoing, upon *de novo* review, and upon considered review of the record, the court rejects the recommendation of the magistrate judge, GRANTS plaintiff's motion for judgment on the pleadings (DE 16), DENIES defendant's motion for judgment on the pleadings (DE 18), and

---

[2] In fact, the ALJ's written analysis suggests that, contrary to defendant's current position, the ALJ assumed that plaintiff's actual job duties were equivalent to the generic DOT occupations, without even considering plaintiff's work history. Indeed, the ALJ's decision states that "the undersigned finds that the claimant was able to perform his past relevant work *as actually* and generally performed." (Tr. 29) (emphasis added). Plaintiff's written work history should have precluded such a conclusion as to plaintiff's actually performed past work. See Def's. Mem. at 13. This provides further confirmation that the ALJ failed to consider plaintiff's work history report, in addition to failing to mention it.

REMANDS this matter to the Commissioner, pursuant to sentence four of 42 U.S.C. §§ 405(g), for further consideration in accordance with this order. The clerk is directed to close this case.

SO ORDERED, this the 31st day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge